# Exhibit 1







Administrative Offices
1412 Fairmount Avenue, 2nd Floor • Philadelphia, PA 19130 • Phone: 215-684-5344 • Fax: 215-232-4093
www.DVCH.org

**Fairmount Primary Care Center**
1412 Fairmount Avenue
Philadelphia, PA 19130
P: (215) 235-9600
F: (215) 684-5360

**Fairmount Primary Care Center at Girard Medical Center**
801 W. Girard Avenue
Philadelphia, PA 19122
P: (215) 827-8010
F: (215) 232-1037

**Fairmount Primary Care Center at Horizon House**
120 S. 30th Street
Philadelphia, PA 19104
P: (215) 222-2466
F: (215) 222-2462

**Fairmount Primary Care Center at Northwestern Human Services**
800 Chester Pike
Sharon Hill, PA 19079
P: (610) 278-7381
F: (610) 237-7428

**Maria de los Santos Health Center**
401 W. Allegheny Avenue
Philadelphia, PA 19133
P: (215) 291-2500
F: (215) 291-2587

**Norristown Regional Health Center**
1401 DeKalb Street
Norristown, PA 19401
P: (610) 278-7787
F:(610) 278-7386

**Parkview Health Center**
841 E. Hunting Park Avenue
Suite 201
Philadelphia, PA 19124
P:(215) 537-7695
F:(215) 537-7001

May 9, 2023

Office of the General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Switzer Building, Suite 2100
Washington, DC 20201

Re: Naomis Rivera Saez and Luis Oscar Hernandez Cruz Parent and Natural Guardian of A. R., a Minor Individually vs. Clinton Turner, MD. and Delaware Valley Community Health Inc., and Temple Hospital.

To Whom It May Concern:

Please see attached Civil Cover Sheet, November 29 2022, #002635 from the Court of Common Pleas of Philadelphia County.

I am attaching supporting documentation for your review. Please advise if further information is needed, the provider narrative is not available at this time.

Sincerely,

Brenda Robles Cooke
VP and Chief Administrative Officer

RECEIVED 5/16/23

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
NOVEMBER 2022 002635
E-Filing Number: 2211055961

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| A. R. | TEMPLE UNIVERSITY HOSPITAL |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 3157 N 9TH STREET<br>PHILADELPHIA PA 19133 | 3401 N BROAD STREET<br>PHILADELPHIA PA 19140 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| NAOMIS RIVERA SAEZ | TEMPLE UNIVERSITY HEALTH SYSTEMS, INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 3157 N 9TH STREET<br>PHILADELPHIA PA 19133 | 3401 N BROAD STREET<br>PHILADELPHIA PA 19140 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| LUIS HERNANDEZ CRUZ | CLINTON A. TURNER MD |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 3157 N 9TH STREET<br>PHILADELPHIA PA 19133 | 401 W ALLEGHENY AVE<br>PHILADELPHIA PA 19140 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 5 | 4 | ☐ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☒ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement<br>☒ Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>☐ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival<br>☐ Other: |

CASE TYPE AND CODE

2M - MALPRACTICE - MEDICAL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
NOV 29 2022
A. SILIGRINI

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: A. R. , NAOMIS RIVERA SAEZ , LUIS HERNANDEZ CRUZ , NAOMIS RIVERA SAEZ

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | | ADDRESS |
|---|---|---|
| JOSEPH CHAIKEN | | 1800 J.F.K. BLVD<br>SUITE 810<br>PHILADELPHIA PA 19103 |
| **PHONE NUMBER** | **FAX NUMBER** | |
| (215)564-1800 | (215)564-5524 | |
| **SUPREME COURT IDENTIFICATION NO.** | | **E-MAIL ADDRESS** |
| 31187 | | jchaiken@jchaikenlaw.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** | | **DATE SUBMITTED** |
| *JOSEPH CHAIKEN* | | Tuesday, November 29, 2022, 02:10 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF PLAINTIFFS:**

1. A. R.
   3157 N 9TH STREET
   PHILADELPHIA PA 19133
2. NAOMIS RIVERA SAEZ
   3157 N 9TH STREET
   PHILADELPHIA PA 19133
3. LUIS HERNANDEZ CRUZ
   3157 N 9TH STREET
   PHILADELPHIA PA 19133
4. NAOMIS RIVERA SAEZ
   3157 N 9TH STREET
   PHILADELPHIA PA 19133
5. LUIS HERNANDEZ CRUZ
   3157 N 9TH STREET
   PHILADELPHIA PA 19133

**COMPLETE LIST OF DEFENDANTS:**

1. TEMPLE UNIVERSITY HOSPITAL
   3401 N BROAD STREET
   PHILADELPHIA PA 19140
2. TEMPLE UNIVERSITY HEALTH SYSTEMS, INC.
   3401 N BROAD STREET
   PHILADELPHIA PA 19140
3. CLINTON A. TURNER MD
   401 W ALLEGHENY AVE
   PHILADELPHIA PA 19140
4. JENNIFER IMBRIALE
   3401 N BROAD STREET
   PHILADELPHIA PA 19140

JOSEPH CHAIKEN & ASSOCIATES, P.C.
BY: Joseph Chaiken, Esquire – 31187
1800 John F. Kennedy Boulevard – Suite 810
Philadelphia, Pennsylvania 19103
(215) 564-1800
jchaiken@jchaikenlaw.com

Attorney for: Plaintiffs




| | |
|---|---|
| A.R. a minor by Naomis Rivera Saez and Luis Oscar Hernandez Cruz her parents and natural guardians and Naomis Rivera Saez and Luis Oscar Hernandez Cruz on their own behalf<br>3157 N 9th Street<br>Philadelphia, PA 19133 | : IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| v. | : |
| Temple University Hospital<br>3401 North Broad Street<br>Philadelphia, PA 19140-5103 | : NOVEMBER TERM, 2022<br>NO.:2635 |
| And | : |
| Temple University Health System, Inc.<br>3401North Broad Street<br>Philadelphia, PA 19140-5103 | : |
| And | : |
| Clinton A. Turner, M.D.<br>401 W Allegheny Ave<br>Philadelphia, PA 19140 | : |
| And | : |
| Jennifer Imbriale, M.D.<br>3401 North Broad Street<br>Philadelphia, PA 19140-5103 | : |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed

without you and a judgment may entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Telephone: (215) 238-6333
Philadelphia, Pennsylvania 19107

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

ASSOCIATION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefona: (215) 238-6333
TTY: (215) 451-6197

JOSEPH CHAIKEN & ASSOCIATES, P.C.
BY: Joseph Chaiken, Esquire – 31187
1800 John F. Kennedy Boulevard – Suite 810
Philadelphia, Pennsylvania 19103
(215) 564-1800
jchaiken@jchaikenlaw.com

Attorney for: Plaintiffs

| | |
|---|---|
| A.R. a minor by Naomis Rivera Saez<br>and Luis Oscar Hernandez Cruz<br>her parents and natural guardians and<br>Naomis Rivera Saez and<br>Luis Oscar Hernandez Cruz<br>on their own behalf<br>3157 N 9th Street<br>Philadelphia, PA 19133 | : IN THE COURT OF COMMON PLEAS OF<br>: PHILADELPHIA COUNTY |
| v. | : |
| Temple University Hospital<br>3401 North Broad Street<br>Philadelphia, PA 19140-5103 | : NOVEMBER TERM, 2022<br>: NO.:2635 |
| And | : |
| Temple University Health System, Inc.<br>3401North Broad Street<br>Philadelphia, PA 19140-5103 | : |
| And | : |
| Clinton A. Turner, M.D.<br>401 W Allegheny Ave<br>Philadelphia, PA 19140 | : |
| And | : |
| Jennifer Imbriale, M.D.<br>3401 North Broad Street<br>Philadelphia, PA 19140-5103 | : |

## COMPLAINT

1. Plaintiffs Naomis Rivera Saez and Luis Oscar Hernandez Cruz are individuals, citizens and residents of the Commonwealth of Pennsylvania residing therein at the above

address. They are the parents and natural guardians of a minor child who is identified here-within as A.R. a minor and/or as fetus or baby.

2. Naomis, Rivera Saez is the mother of A.R. a minor.

3. Defendants Temple University Hospital and Temple University Health System, Inc. [hereinafter referred to individually and collectively as "Temple Defendants" or "the Temple Defendants"] are each entities organized and existing under and pursuant to law and were in the business of providing health services to individuals including the Plaintiffs above named. At all times material hereto each of the Temple Defendants were acting through their actual and ostensible employees and agents acting within the course and scope of their actual and ostensible agency, employment and authority.

4. Defendants Clinton A. Turner, M.D. is a medical doctor licensed to practice medicine in the Commonwealth of Pennsylvania and practicing at the address listed above.

5. Defendant Jenniver Imbriale, M.D. is a medical doctor licensed to practice medicine in the Commonwealth of Pennsylvania and practicing at the address listed above.

6. Each of the individual defendants were acting through their agents and employees acting within the course and scope of their agency, employment and authority.

7. Naomis Rivera Saez was pregnant with the baby A.R. and arrived at Temple University Hospital on December 3, 2020, because of fluid leakage. At that time the fetus was 41 weeks in development. Mom was sent home following a reactive non stress test. She returned to the hospital on December 4th and was admitted to the hospital. Delivery was not until December 7th via c-section.

8. On the 7th the baby was showing signs of fetal distress including but not limited to late decelerations and a loss of variability on the fetal monitor. The baby needed to be delivered emergently via c-section. However, delivery was delayed for hours. During this time, the baby was suffering from a lack of oxygen and distress. The delay in delivery resulted in damage to the baby, to fetal suffering, to suffering and emotional distress of the mother and father, and other injuries and damages as more specifically delineated below.

9. When the baby was finally delivered through C-section her APGAR scores were extremely low and there was aspiration of thick meconium. She needed to be vigorously and properly resuscitated but was not, leading to further loss of oxygen, suffering for the baby and emotional distress for the parents.

10. Each of the defendants either acting on their own behalf or on behalf of the Temple Defendants and/or on behalf of other Defendants were negligent, careless and breached the standards of care in inter alia they:

   a. Failed to deliver the baby via c section in a timely manner.

b. Failed to properly resuscitate the baby;
c. Failed to properly suction the baby;
d. Failed to properly interpret fetal monitor strips;
e. Failed to continuously monitor the baby and fetus;
f. Failed to have sufficient operating rooms available;
g. Failed to have appropriately trained staff available;
h. Failed to have sufficient and trained staff available;
i. Failed to identify the risks to the fetus and properly prioritize the need for an emergent c-section;
j. Failed to properly categorize the fetal distress so as to allow for priority of care, operating room and anesthesia care;
k. Failed to have adequate numbers of trained anesthesiologists available;
l. Failed to have adequate operating rooms available;
m. Failed to transfer the mother and fetus to another hospital for urgent and emergent care;
n. Failed to inquire as to whether care, operating rooms/anesthesia at another hospital or in another location was available;
o. Improperly suctioned the baby;
p. Failed to properly and timely identify an anesthesiologist who would be able to assist;
q. Failed to advocate for the patient to prioritize the use of an operating room;
r. Failed to use other specialists and other providers to assist with delivery including nurse anesthetists who were or should have been available;
s. Failed to get the baby for head cooling in an expeditious enough manner;
t. Failed to have adequate labor and delivery rooms and equipment and staff available;
u. Failed to properly do anesthesia so that she could have a timely c-section;
v. Failed to have adequately trained physicians perform epidural and other anesthesia;
w. Failed to properly do the epidural;
x. Failed to properly perform anesthesia;
y. Failed to react to the baby's fetal distress in a timely manner;
z. Failed to give a proper dose of Pitocin and/or for too long;
aa. Failed to have a NICU and other equipment and facilities at Temple Hospital which were adequate to properly treat the baby once born;
bb. Otherwise acted in a careless and negligent manner.

11. As a result of the defendants' negligence and breach of the standards of care, the baby and prior to birth fetus suffered and suffered from a lack of oxygen, and damage to her brain, tissue and organs including her lungs, she has suffered from injuries to her brain and developmental delays , and will in the future suffer from problems those developmental delays and injuries will bring; she may incur medical bills and other expenses in an effort to attempt to cure or ameliorate her injuries and she may be

prevented from engaging in employment and other activities which she would have otherwise been able to engage in; and may suffer a loss of earnings and earning capacity; all of which is or may be permanent.

12. As a result of the defendants' negligence and breach of the standards of care, the Mother and Father witnessed it and suffered emotional distress and the Mother suffered from severe pain and suffering. They have incurred medical bills to help to treat her distress and both of the parents have and will in the future incur medical bills and other expenses and losses in an attempt to ameliorate their baby's injuries, losses and damages

13. Due to the negligence of the Defendants and the emotional distress suffered by the Plaintiff parents each of the Plaintiffs have suffered a disturbance of their marital life and a loss of consortium.

Wherefore, each of the Plaintiff's claim damages from the Defendants jointly, severally and individually in an amount in excess of $50,000.

COUNT II

PLAINTIFFS V. THE TEMPLE DEFENDANTS

14. The prior paragraphs are all incorporated herein completely.

15. The Temple Defendants were negligent and breached standards of care in that they, inter alia failed to:

a. Have adequate staff available;
b. Have adequately trained staff available;
c. Have proper equipment available;
d. Have proper policies in place for the protection of their patients and to see that their patients get proper care;
e. Have safe and adequate facilities and equipment available;
f. Select and retain competent physicians;
g. Oversee all persons who practice medicine within its walls as to patient care;
h. Failed to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients;
i. Otherwise acted in a negligent manner.

16. As a result, Plaintiffs sustained the injuries, losses and damages set forth hereinbefore.

Wherefore each of the Plaintiff's claim damages from the Defendants in an amount in excess of $50,000.

JOSEPH CHAIKEN & ASSOCIATES, PC

Joseph Chaiken

By: ______________________

JOSEPH CHAIKEN, ESQ

## **VERIFICATION**

I, Joseph Chaiken, Esquire, states that he is the attorney for the Plaintiffs in this action and verify that the facts upon which statements made in the foregoing pleading is based, to the best of my knowledge, information and belief, are true and correct. The undersigned understand that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

JOSEPH CHAIKEN

**JOSEPH CHAIKEN, ESQUIRE**

DATED:3/22/23

Delaware Valley Community Health, Inc.
Brenda Cooke, VP/CAO
401 W. Allegheny Avenue
Philadelphia, PA 19133




Office of the General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Switzer Building, Suite 2100
Washington, DC 20201

RECEIVED BY
MAY 16 2023
PSC COHEN MAIL OPS